**U.S Federal District Court for the District of Maryland**
**Civil Division**

| | | |
|---|---|---|
| **Lauren Jacobs** | ) | |
| **1401 N. Street. NW.** | ) | |
| **Washington, DC 20005** | ) | **Case No. 25-2762** |
| **Plaintiff,** | ) | |
| | ) | **JURY DEMAND** |
| **vs.** | ) | |
| | ) | **Complaint for Violations of the (i)** |
| **Eagle Bancorp Inc dba Eagle Bank** | ) | **American Disabilities Act Amendments** |
| **7830 Old Georgetown Rd,** | | **Act of 2008; (ii) the Family Medical Leave** |
| **Bethesda, MD 20814** | | **Act; and (iii) the Maryland Fair** |
| **Defendant.** | | **Employment Practices Act (MFEPA).** |

## Introduction

The Plaintiff Lauren Jacobs, through her undersigned counsel brings this action for discrimination and retaliation under the American Disabilities Act Amendments Act of 2008 (ADAAA) and the Maryland Fair Employment Practices Act (MFEPA) against Jacobs' former employer, Eagle Bancorp Inc (Eagle Bank). Jacobs also brings a claim for violations of the Family Medical Leave Act (FMLA).

Jacobs was employed by the Defendant from 2016 until the time of her termination in May 2024. In April 2023, Jacobs had surgery for a detached retina. Jacobs sought accommodation to telework. This accommodation was approved until October 2023. In January 2024, Jacobs again sought the same accommodation to telework, this time until January 2025. This time Eagle Bank refused to accommodate Jacobs. In the interim, Eagle Bank in 2025, also refused to accept her physicians documents and medical letter, requesting accommodations for Jacobs.

To that end, in March 2024, Eagle Bank advised Jacobs that she will now be

examined by the Defendant's own, defense medical examiner (DME). While Jacobs was waiting for the defense medical examination, Jacobs was terminated on May 1, 2024, on the false claim that Jacobs was not being "cooperative," during the interactive process. Jacobs alleges that her termination was afoul of the federal and state laws. The EEOC in their probable cause finding found that Eagle Bank violated the ADAAA.

Consequently, an action for the violation of the laws now follows.

## Part I. Parties

**1.** The Plaintiff Lauren Jacobs was a former employee of the Defendant Eagle Bank. Jacobs is an employee under 42 U.S.C. § 12111 *et seq.,* of the American Disabilities Act Amendments Act (ADAAA), and Maryland State Government Code, Ann., § 20-601 *et seq*., of the Maryland Human Relations Act (MHRA).[1] It is also an employer under the FMLA.

**2.** The Defendant Eagle Bank is a national bank. Eagle Bank is a "covered entity" and an employer under 42 U.S.C §12111 *et seq*., of the ADAAA, and §20-601 *et seq* of the MHRA. It is also an employer under the FMLA.

## Part II. Exhaustion of Administrative Remedies.

**3.** On July 2024, Jacobs filed a complaint of discrimination and retaliation with the U.S Equal Employment Opportunity Commission (EEOC).

**4.** On May 22, 2025, the EEOC issued a probable cause finding holding that Eagle Bank discriminated and retaliated against Jacobs. Attempts at conciliation were

[1] Also known as the Maryland Fair Employment Practices Act (FEPA).

unsuccessful.

**5.** On June 11, 2025, the US EEOC issued their right to sue. This action was filed in this Court within 90-days of the right to sue or by August 2025.

**6.** There are no exhaustion requirements for claims under the Family Medical Leave Act (FMLA).

## **Part III. Jurisdiction & Venue**

**7.** This Court has subject matter jurisdiction for claims under the ADA and the FMLA under 28 USC § 1331. This Court has subject matter jurisdiction over the state law claims under 28 U.S.C. §1367.

**8.** Venue is also proper in this district, because Jacobs was employed in Rockville, Maryland.

## **Part IV. Statement of Facts.**

**9.** The Plaintiff Lauren Jacobs was employed by Eagle Bank as a Loan Documentation Specialist II (LDS). Jacobs was employed by Eagle Bank from 2016 until the time of her termination on May 1, 2024. At the time of her termination, Jacobs earned $70,000.

**10.** While employed at Eagle Bank Jacobs reported to Tia Brothers. Brothers was Jacobs' supervisor. Jacobs was employed at the Rockville, Maryland branch.

**11.** For the duration of her employment, the Plaintiff had good performance reviews.

**12.** In April 2023, Jacobs had surgery for detached retina. She was diagnosed with a fully detached retina, which affected her brain functions. It affected her major life activities, of walking, seeing, and working, amongst others. Jacobs can perform the

essential functions of her position, as a Loan Documentation Specialist, with or without accommodations.

**13.** On or about June 2023, Jacobs made a request for reasonable accommodations under federal and state law, for the ability to work remotely for 100% of the time until October 2023.

**14.** Jacobs made this ADA request for accommodations to Jeffrey Hooton, the HR Director for Eagle Bank. Jacobs also made this ADA request for accommodations to Lisa Levine, the benefits manager at Eagle Bank.

**15.** This request to work remotely from July 2023 until October 2023 was granted.

**16.** In January 2024, Jacobs made another ADA request for accommodations. As a reasonable accommodation, Jacobs sought the ability to work remotely until January 2025.

**17.** Having already approved the earlier 2023 remote work request, Eagle Bank cannot show any undue hardship for this second request to again work remotely until January 2025.

**18.** This second request for accommodations was also made by Plaintiff’s physician, Ashley Behrens, M.D., Chief of the Comprehensive Ophthalmology Division, at the John Hopkins Wilmer Eye Institute.

**19.** This time Eagle Bank made additional demands of Jacobs to justify her continued accommodations request. For instance, despite being in receipt of medical documents from John Hopkins Hospital, Eagle Bank asked for more and additional medical documentation to justify Jacobs accommodations request.

**20.** Despite this request for additional documents on the part of Eagle Bank, Jacobs also complied by immediately reaching out to Dr. Behrens and forwarded Dr. Behrens documents from Eagle Bank.

**21.** In February 2024 or March 2024, Dr. Behrens complied with Eagle Bank's request for additional medical documents and submitted these medical documents to Eagle Bank.

**22.** Eagle Bank continued to show dissatisfaction with the medical documents from Dr. Behrens.

**23.** Jacobs then reached out to Stephanie Watson, Physician's Assistant (PA)., from "One Medical." One Medical and Waston too provided additional medical documents justifying Jacobs' request for accommodations under federal and state law.

**24.** Eagle Bank were still dissatisfied.

**25.** In March 2024, Naomi "Nomi" Schmuckler, the VP of HR (who reports to Hooton, HR Director) asked that Jacobs be examined by the Defendant's own medical examiner.

**26.** While waiting for this defense medical examination by the physicians of Eagle Bank, Jacobs is terminated by Schmuckler in May 2024, or about 2-months after her last protected activity in March 2024.

**27.** Schmuckler told Jacobs that she (Jacobs) was being terminated because the Plaintiff "was not being cooperative with the [ADA] process."

**28.** No other reason was provided by the Defendant concerning the Plaintiff's termination.

**29.** Plaintiff also denies that she was not being cooperative with the Defendant's ADA process.

**30.** Schmuckler also discussed Plaintiff's termination with Plaintiff's supervisor.

**31.** Jacobs was then replaced by an individual outside her protected class.

**32.** Finally, sometime in September 2023, Jacobs complained to Eagle Bank's internal ethics hotline, "Ethics Point," about discrimination, harassment and retaliation at the workplace.

**33.** Ethics Point prepared a written report on Jacobs' complaints of discrimination, harassment and retaliation at the workplace.

**34.** Ethics Point concluded that no discrimination, or violation company policies, federal or state law occurred.

**35.** Ethics Point has also never found any discrimination on the part of any employee of Eagle Bank.

**36.** The Ethics Point committee also informed Jacobs that all of Jacobs' colleagues had positive things to say about Jacobs.

**37.** In May 2025, the US EEOC issued a probable cause finding, that Eagle Bank violated the American Disabilities Act Amendments Act of 2008 (ADAAA).

## COUNT I. DISABILITY DISCRIMINATION UNDER THE AMERICAN DISABILITIES ACT AMENDMENTS ACT OF 2008 (ADAAA) 42 U.S.C §12111 *ET SEQ*.

**38.** Plaintiff reincorporates by reference all the allegations above.

**39.** The Defendant, Eagle Bank, was at all times an employer of the Plaintiff Jacobs for purposes of the ADAAA.

**40.** The Plaintiff Jacobs is a disabled individual with physical impairments concerning her eye. Her disabilities substantially limit one or more major life activities under the ADAAA, including but not limited to: seeing and working.

**41.** At all times of Plaintiff's employment, the Defendant had knowledge of her actual disabilities or perceived disabilities. Plaintiff also has a record of disabilities, and/or was regarded as having such an impairment by the Defendant.

**42.** The Plaintiff alleges that one or more of the agents, managers, supervisors, and/or employees of the Defendant acting on its behalf, subjected her to discrimination on the basis of her disability or perceived disability by treating her differently from others outside her protected class. Any or all of these actions, singularly or cumulatively affected her "terms, conditions and privileges of employment." 42 U.S.C. § 12112(a).

**43.** As a direct and proximate result of this injury from the Defendant, Plaintiff has suffered and is suffering considerable injury, including but not limited to loss of monetary benefits, and other privileges and entitlements of employment, loss of professional status and career enhancing and advancement opportunities and loss of retirement savings, stock awards and benefits. The Plaintiff has also suffered from emotional distress arising from the discrimination of the Defendant, the damage to her professional reputation and the embarrassment, humiliation, and indignity arising from the discriminatory conduct of Defendant and/or agents or employees acting on its behalf, and the stress and anxiety caused by the resultant financial hardship.

**44.** As a consequence of Defendant's action, Eagle Bank is additionally liable for attorney's fees and other costs and interest in pursuit of this litigation.

**COUNT II: FAILURE TO ACCOMADATE UNDER THE ADAAA**

**45.** Plaintiff alleges and incorporates all the above allegations.

**46.** The Defendant Eagle Bank was at all times an employer of the Plaintiff for claims under the ADAAA.

**47.** The Plaintiff Jacobs is a disabled individual with a physical disability affecting her eyes. Her disabilities substantially limit one or more major life activities under the ADAAA, including but not limited to: seeing and working.

**48.** At all times of Plaintiff's employment, the Defendant had knowledge of her actual disabilities or perceived disabilities. Plaintiff also has a record of disabilities, and/or was regarded as having such an impairment by the Defendant.

**49.** The Plaintiff informed the Defendant of her disabilities and request for reasonable accommodations.

**50.** The Plaintiff alleges that one or more of the agents, managers, or supervisors of the Defendant failed to accommodate her disability and/or engage in the interactive process with the Plaintiff and/or her physician, to determine an appropriate and reasonable accommodation as required under the ADAAA. Had the Defendant engaged in the interactive process, a reasonable accommodation would have been identified. Had these reasonable accommodations been granted, she would have been able to perform the essential functions of her job.

**51.** The Defendant subsequently not only failed to engage in the interactive process, but also denied her requests for reasonable accommodations.

**52.** The Defendant is unable to show that the accommodations requested would have imposed "an undue hardship on the operation of the business." 42 U.S.C. § 12112(b)(5).

**53.** As a direct and proximate result of this injury from the Defendant, Plaintiff has suffered and is suffering considerable injury, including but not limited to loss of monetary benefits, and loss of retirement savings and benefits. The Plaintiff has also suffered from emotional distress arising from the discrimination and retaliation.

**54.** As a consequence of Defendant's action, the Defendant is additionally liable for attorney's fees and other costs and interest in pursuit of this litigation.

**COUNT III. RETALIATION UNDER THE ADAAA.**

**55.** Plaintiff reincorporates by reference all the allegations above.

**56.** The Defendant Eagle Bank was at all times an employer of the Plaintiff for claims under the ADAAA.

**57.** The Plaintiff Jacobs is a disabled individual with a physical disability affecting her eyes. Her disabilities substantially limit one or more major life activities under the ADAAA, including but not limited to: seeing and working.

**58.** At all times of Plaintiff's employment, the Defendant had knowledge of her actual disabilities or perceived disabilities. Plaintiff also has a record of disabilities, and/or was regarded as having such an impairment by the Defendant.

**59.** The Plaintiff informed the Defendant of her disabilities and request for reasonable accommodations.

**60.** The Plaintiff also subjectively believed that she was a disabled person.

**61.** The ADAAA makes it an unlawful employment practice to retaliate against an employee.

**62.** The Plaintiff engaged in protected activity for claims under the ADAAA, when she made a request for accommodations to Eagle Bank. Her request for accommodation was denied, only to be told, in May 2024 that she was being terminated from her employment. Eagle Bank's retaliatory actions would dissuade a person from engaging in protected activity.

**63.** Defendant knew or should have known of the types of retaliation that Plaintiff suffered. Defendant's conduct has been intentional, deliberate, willful and in callous disregard of Plaintiff's rights.

**64.** Defendant's acts of retaliation caused Plaintiff to suffer economic losses, mental and emotional distress, embarrassment, humiliation and indignity.

**65.** This intentional, reckless and/or willful discrimination on the part of Defendant constitutes a violation of Plaintiff's rights under the ADAAA.

**66.** By reasons of Defendant's retaliation, Plaintiff is entitled to all legal and equitable remedies under the ADAAA including her attorney's fees, along with any and all other rights under the federal laws and the powers of this Court.

**COUNT IV. DISCRIMINATION UNDER THE MARYLAND FAIR EMPLOYMENT PRACTICES ACT (FEPA). Maryland Code Ann. §20-*601 et seq***

**67.** Plaintiff reincorporates by reference all the allegations above.

**68.** The Defendant, Eagle Bank, was at all times an employer of the Plaintiff Jacobs for purposes of the Maryland Fair Employment Practice Act (FEPA). Jacobs was also a qualified employee with a disability, who could perform the essential functions of her job with accommodations.

**69.** The Plaintiff Jacobs is a disabled individual with a physical disability affecting her eyes. Her disabilities substantially limit one or more major life activities under the ADAAA, including but not limited to: seeing and working.

**70.** At all times of Plaintiff's employment, the Defendant had knowledge of her actual disabilities or perceived disabilities. Plaintiff also has a record of her disabilities, and/or was regarded as having such an impairment by the Defendant.

**71.** Jacobs is a qualified individual with a disability who can perform her job with accommodations. She was then terminated from her employment because of her disability. *See O'Reilly v. Bd. of Child Care of the United Methodist Church, Inc.*, No. JKB-20-0570, 2020 U.S. Dist. LEXIS 185691, at *12 (D. Md. Oct. 6, 2020) ("Establishing a FEPA disability discrimination claim requires an employee to show (1) that he or she had a disability; (2) that notwithstanding the disability, he or she was otherwise qualified for the employment, with or without reasonable accommodation; and (3) that he or she was excluded from employment on the

basis of his or her disability.") *See also Adkins v. Peninsula Reg'l Med. Ctr.*, 224 Md. App. 115 (2015).

**72.** As a direct and proximate result of this injury from the Defendant, Plaintiff has suffered and is suffering considerable injury, including but not limited to loss of monetary benefits, and other privileges and entitlements of employment, loss of professional status and career enhancing and advancement opportunities and loss of retirement savings, stock awards and benefits. The Plaintiff has also suffered from emotional distress arising from the discrimination of the Defendant, the damage to his professional reputation and the embarrassment, humiliation, and indignity arising from the discriminatory conduct of Defendant and/or agents or employees acting on its behalf, and the stress and anxiety caused by the resultant financial hardship.

**73.** As a consequence of Defendant's action, Eagle Bank is additionally liable for attorney's fees and other costs and interest in pursuit of this litigation.

**COUNT V. FAILURE TO CONDUCT AN INDIVIDUALIZED ASSESSMENT UNDER FEPA**

**74.** Plaintiff reincorporates by reference all the allegations above.

**75.** At all times of his employment, the Plaintiff Jacobs was a qualified individual with a disability who can perform the essential functions of her job. Jacobs requested the continued use of telework. The Defendant refused. Had the accommodation been provided, it would have allowed Jacobs to perform the essential functions of her job.

**76.** Also, FEPA dictates that the employer must alter or restructure her job to accommodate her. *See Adkins, supra* at 136-37

**77.** Plaintiff alleges that Eagle Bank failed to alter or restructure her job.

**78.** Plaintiff alleges that Eagle Bank failed to conduct an "individualized assessment" under the FEPA upon her request for accommodations. *See Adkins, supra,* 224 Md. App. at 145. ("In our view, the "individualized assessment" provides stronger protection for the employee than the federal "interactive process" regulation because it *explicitly* provides that failure to conduct an individualized assessment constitutes an unlawful employment practice. Indeed, this provision necessarily imposes a clear, unambiguous obligation on the employer, which, in turn, extends protection to the disabled employee.")

**79.** As a direct and proximate result of this injury from the Defendant, Plaintiff has suffered and is suffering considerable injury, including but not limited to loss of monetary benefits, and other privileges and entitlements of employment, loss of professional status and career enhancing and advancement opportunities and loss of retirement savings, stock awards and benefits. The Plaintiff has also suffered from emotional distress arising from the discrimination of the Defendant, the damage to his professional reputation and the embarrassment, humiliation, and indignity arising from the discriminatory conduct of Defendant and/or agents or employees acting on its behalf, and the stress and anxiety caused by the resultant financial hardship.

**80.** As a consequence of Defendant's action, Eagle Bank is additionally liable for attorney's fees and other costs and interest in pursuit of this litigation.

**Count VI. RETALIATION UNDER THE FMLA**

**81.** Plaintiff reincorporates by reference all the allegations above.

**82.** Under the FMLA it is illegal for the Defendant to discharge or discriminate in any manner, against an individual for opposing any practice made unlawful under the FMLA. *See* 29 U.S.C § 2615 (a)(2).

**83.** This Court analyzes FMLA retaliation claims under the *McDonnell Douglas* framework. *See Fields v. Verizon Servs. Corp*., 2011 U.S. Dist. LEXIS 103294 * 20 (Sept 13, 2011. D.Md) [quoting] *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541 (4th Cir. 2006). A *prima facie* case for retaliation exists where: (1) the plaintiff engaged in a protected activity; (2) the defendant took adverse action against him; and (3) the adverse action was causally connected to his protected activity. *Id.* (citing *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998)).

**84.** In the present instance, James engaged in protected activity when he requested leave for herself. Upon her use of the leave, the Plaintiff was then terminated.

**85.** Because of the close proximity of the adverse actions, it creates an inference of a causal connection that would dissuade a reasonable employee from filing an FMLA claim.

**86.** Defendants' acts caused Plainitff to suffer economic losses.

**87.** This intentional, reckless, and/or willful act by the part of Defendant constitutes a violation of the Plaintiff's statutory rights under the FMLA.

**88.** By reason of Defendant's actions, the Plaintiff is entitled to all legal, monetary liquidated and equitable remedies under the FMLA, including her attorney's fees, plus interest.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Lauren Jacobs prays as follows:

a. That this Court enter judgment against the Defendant, Eagle Bank.

b. That the Court award Plaintiff damages in the amount equal to all of her accumulated lost wages and benefits, including back pay, front pay and benefits, punitive damages, and compensatory and emotional damages for the financial, and emotional harm caused by Defendant; including pre-judgment and post judgment interest and any other damages permitted under the ADAAA, the FMLA, and the Maryland FEPA, in an amount to be determined by this Court and the jury;

c. That the Court also award Plaintiff payment of all fees, costs and expenses inclusive of attorney's fees and expert fees, along with any and all other remedies that this Court deems just and proper.

**Part IV. Jury Demand**

Plaintiff requests a jury trial on all counts.

Respectfully,

A.J Dhali Esq.
Dhali P.C
Federal Bar No. 18631
1629 K. Street. NW. Suite 300
Washington D.C. 20006
Telephone: (202) 556-1285
Fax: (202) 556-1285
ajdhali@dhalilaw.com
Friday August 22, 2025